NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAIF KHORSHED, | No. 15-55155 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02655-MRW |
| v. | |
| GINA MARIE LINDSEY, LAWA Executive Director; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael R. Wilner, Magistrate Judge, Presiding[**]

Submitted October 25, 2016[***]

Before:     LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Saif Khorshed appeals pro se from the district court's judgment dismissing

his employment action alleging various claims.  We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and we affirm.

The district court properly dismissed Khorshed's action because Khorshed failed to allege facts sufficient to state any plausible claim for relief. *See id.* at 341-42 (although pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *see also Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) ("A Rule 12(b)(6) dismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Khorshed's request to file a surreply. *See Preminger v. Peake*, 552 F.3d 757, 769 n.11 (9th Cir. 2008) (court reviews for abuse of discretion a district court's decisions concerning its management of litigation).

Khorshed's contentions that the court improperly denied his motion to dismiss on the briefs and about alleged bias of the magistrate judge are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**